Joseph R. Manning, Jr. (SBN 223381)
Michael J. Manning (SBN 286879)
Caitlin J. Scott (SBN 310619)
Tristan P. Jankowski (SBN 290301)
ADAPracticeGroup@manninglawoffice.com
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Tel: (949) 200-8755

*Attorneys for Plaintiff*
SEAN GORECKI

**DAVIS WRIGHT TREMAINE LLP**
AARON N. COLBY (SBN. 247339)
AARONCOLBY@DWT.COM
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CA 90017
TELEPHONE: (213) 633-6882

*Attorneys for Defendant*
NORMS RESTAURANTS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN GORECKI, an individual<br><br>Plaintiff,<br><br>v.<br><br>NORMS RESTAURANTS, LLC, *et al*,<br><br>Defendants. | Case No. 2:17-cv-01099-BRO (SK)<br><br>**CONSENT DECREE AND ORDER FOR INJUNCTIVE, MONETARY AND OTHER RELIEF** |

**CONSENT DECREE AND ORDER**

1. Plaintiff Sean Gorecki ("Gorecki" or "Plaintiff") filed a Complaint ("Complaint") on February 10, 2017, against Defendant, NORMS RESTAURANTS, LLC d/b/a "NORMS RESTAURANTS" ("Norms" or "Defendant"), alleging that Norms failed to design, construct, and maintain certain aspects of its website, www.NormsRestaurants.com and their various subdirectories (the "Subject Website"), in a manner that is fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people. Plaintiff alleges this resulted in a denial of full and equal access to its Website, and the products and services offered on the Website, in violation of Title III of the Americans with Disabilities Act ("ADA")(42 U.S.C. § 12101 et seq.) and California's Unruh Civil Rights Act ("Unruh")(Cal. Civil Code sec. 54), and deterred Plaintiff from visiting the Website and Norms' brick and mortar restaurant locations.

2. Defendant denies the allegations in the Complaint, and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The Parties enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

3. To avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief and damages raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief or damages.

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant for injunctive relief and damages that have arisen out of the subject Complaint. The Parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

2

*//*

## I. JURISDICTION

5. The Parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC § 12101 *et seq.*, and pursuant to supplemental jurisdiction under 28 U.S.C. § 1367 for alleged violations of California Civil Code §§ 51 *et seq.*

## II. INJUNCTIVE RELIEF

6. Norms will, within two (2) years of the Effective Date, make good faith, reasonable efforts to cause the Subject Website to substantially comply with either Web Content Accessibility Guidelines (WCAG) 2.0 Level AA to the extent readily achievable. Notwithstanding the foregoing, Third Party Content on the Website will not be required to meet the WCAG 2.0 Level AA standard. The term "Third Party Content" refers to web content that is not developed or owned by Norms or any Releasee.

7. Norms will retain a qualified consultant to assist with assessment and recommendations for any necessary remediation to ensure compliance with Paragraph 6 of this Consent Decree. Norms will convey any feedback Gorecki provides regarding the accessibility of the Website to its consultant for its consultant's consideration. Any such feedback will be provided by counsel for Gorecki to counsel for Norms within thirty (30) days after the Effective Date.

## III. MONETARY RELIEF

8. Defendant will provide as additional consideration in resolution of all claims that were or could have been made in this or any related action, a monetary sum, as set forth in a Confidential Addendum executed between the Parties separately from this Consent Decree. Plaintiff agrees that neither he nor his attorneys are entitled to any other monetary compensation as a result of the Complaint, this Consent Decree, or any other claim Plaintiff might have against Norms.

//

## IV. ENTIRE CONSENT DECREE AND ORDER

9. This Consent Decree and Order, together with the Confidential Addendum referenced in Paragraph 8, constitutes the entire agreement between the Parties on the matters of injunctive relief and damages, attorney fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

## V. RELEASE OF CLAIMS

10. For and in consideration of the promises, commitments and undertakings set forth in this Consent Decree, and for other good and valuable consideration, the receipt of which is hereby acknowledged, as of the Effective Date of this Consent Decree, Plaintiff, on behalf of himself and any of his agents, employees, representatives, assigns, heirs, executors, trustees, partners, attorneys, and each of them ("Releasors"), shall be deemed to have jointly and severally forever released and discharged Defendant, its affiliates and related entities, together with its and their respective past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parent entities, subsidiary entities, other related entities, partners, insurers, contractors, independent consultants (including any that assisted in creating or maintainence of the Subject Website), and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing ("Releasees"), from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, legal proceedings, losses, fees, costs and expenses of any kind whatsoever, whether known or unknown, including, but not limited to, any monetary, injunctive or declaratory relief relating thereto, and for reimbursement of attorney's fees, costs and expenses, including but not limited to matters relating to the Subject Website, Defendant's other digital assets related to the Subject Website, and the Complaint ("Released Claims"). Plaintiff, on his own behalf and on behalf of the other

4

Releasees, acknowledges that Released Claims may include claims that are presently unknown, and that the release contained in this Consent Decree is intended to and does fully, finally and forever discharge all Released Claims, whether now asserted or unasserted, known or unknown, which arise out of or in connection with the Released Claims.

11. Plaintiff hereby expressly and knowingly waives and relinquishes any and all rights that he has or might have relating to the Released Claims under California Civil Code § 1542 (and under any and all other statutes or common law principles of similar effect) which reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

12. Plaintiff acknowledges that he may hereafter discover facts different from, or in addition to, those which he now believes to be true with respect to the Released Claims. On his own behalf and on behalf of all of the Releasees, Plaintiff agrees that the foregoing release and waiver shall be and remain effective in all respects notwithstanding such different or additional facts or discovery thereof, and that this Consent Decree contemplates the extinguishment of all such Released Claims. By executing this Consent Decree, Plaintiff acknowledges the following: (a) he is represented by counsel of his own choosing; (b) he has read and fully understands the provisions of California Civil Code § 1542; and (c) he has been specifically advised by her/his counsel of the consequences of the above waiver and this Consent Decree generally.

13. Plaintiff expressly covenants that, as against any Releasee, he has not and will not in the future file, initiate, commence, institute, maintain, or prosecute any action at law, suit in equity or other proceeding, or seek damages or other relief incurred or

allegedly incurred by him, related to, arising out of, or in any way connected with the Complaint or any Released Claim, except for in relation to breach of this Consent Decree.

## VI. ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST

14. This Consent Decree and Order shall be binding on Plaintiff, Defendant and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

15. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or email signature shall have the same force and effect as an original signature.

## VII. TERM OF THE CONSENT DECREE AND ORDER

16. This Consent Decree and Order shall become Effective on the date the Order is signed by the Court ("Effective Date").

17. This Consent Decree and Order shall be in full force and effect and expire by its own terms at the end of 24 months from the Effective Date without further action by the Parties ("Expiration Date").

## VIII. SEVERABILITY

18. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

19. This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until the Expiration Date.

20. If either Party believes that the other Party has failed to comply with any provision of the Decree, the complaining Party shall notify the alleged non-complying Party in writing of such non-compliance and afford the alleged non-complying Party

thirty (30) days to remedy the non-compliance or satisfy the complaining Party that the alleged non-complying Party will comply within a certain period of time. If the alleged non-complying Party has not remedied the alleged non-compliance or satisfied the complaining Party that it has complied within that time, the Parties shall meet and confer regarding the non-compliance. If the Parties are unable to resolve the issue(s), the complaining Party may apply to the Court for appropriate relief. The Court may order appropriate relief should it determine that either Party has not complied with this Decree.

**AGREED:**

SEAN GORECKI                                        NORMS RESTAURANTS, LLC.


_____        By: _____

Date: _____        Date: _____



    IT IS SO ORDERED.
DATED: April 12, 2017


By: _____
Honorable Beverly R. O'Connell
United States District Court Judge